[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11846
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cv-00964-SCB-JSS


OLEKSII TSURKAN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 9, 2021)


Before WILSON, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Oleksii Tsurkan, a federal prisoner proceeding pro se,[1] appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. We granted Tsurkan a certificate of appealability on this issue: "Whether the district court erred by failing to hold an evidentiary hearing on [Tsurkan's] claim that trial counsel was ineffective in failing to convey a plea offer?"[2] No reversible error has been shown; we affirm.

We review the district court's denial of an evidentiary hearing in a section 2255 proceeding under an abuse-of-discretion standard. See Griffith v. United States, 871 F.3d 1321, 1329 (11th Cir. 2017). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." Id.

---

[1] We construe liberally pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] To the extent Tsurkan seeks to adopt arguments made by his codefendant in a separate 28 U.S.C. § 2255 proceeding, those arguments are outside the scope of the certificate of appealability. The arguments are not properly before us in this appeal. See McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).

2

Generally speaking, a district court should hold an evidentiary hearing on a section 2255 motion to vacate "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." See 28 U.S.C. § 2255(b); Griffith, 871 F.3d at 1329. A petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." Griffith, 871 F.3d at 1329. A hearing is unnecessary, however, when the petitioner's "allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quotations omitted).

In the context of an ineffective-assistance-of-counsel claim, a petitioner is entitled to an evidentiary hearing if he alleges facts that show both (1) that his lawyer's performance was deficient and (2) that the deficient performance prejudiced his defense. Griffith, 871 F.3d at 1329 (citing Strickland v. Washington, 466 U.S. 668 (1984)). To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Because a petitioner must prove both deficient performance and prejudice under Strickland's two-part test, "a court need not address both prongs if

3

the defendant has made an insufficient showing on one." Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014).

In his section 2255 motion, Tsurkan alleged that his lawyer never notified him about a plea offer made by the prosecution in December 2015. Tsurkan contends he first learned of the plea offer after trial and sentencing when reviewing his lawyer's files. Had his lawyer conveyed properly the plea offer, Tsurkan says a reasonable probability exists that he would have pleaded guilty.[3]

A criminal defense lawyer "has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 566 U.S. 134, 145 (2012). A lawyer's failure to convey a plea agreement thus constitutes deficient performance under Strickland. Id. at 145, 147. Accepting Tsurkan's factual allegations as true,[4] Tsurkan has alleged facts sufficient to show that his lawyer's performance was deficient.

Even if Tsurkan can satisfy the first element under Strickland, Tsurkan has failed to satisfy his burden of showing prejudice. To show prejudice under the circumstances of this case, Tsurkan must demonstrate a reasonable probability that

---

[3] He stops short of saying flatly that he would have pleaded guilty.

[4] In an affidavit, Tsurkan's lawyer attests that he did discuss a plea agreement with Tsurkan. Recollections may vary. This affidavit creates a dispute of fact. But for purposes of this appeal, we accept as true Tsurkan's version of the facts about the failure to convey a plea offer.

4

-- but for his lawyer's alleged failure to convey the government's plea offer -- Tsurkan would have accepted the plea offer and pleaded guilty. See Osley, 751 F.3d at 1222.

Tsurkan cannot make the required showing. Throughout the extended criminal proceedings,[5] Tsurkan asserted consistently that he wanted to proceed to trial. At both his first and second jury trials, Tsurkan testified in his own defense and maintained that he was innocent of the charged drug-trafficking offenses. Tsurkan continued to assert his innocence after the jury found him guilty. At sentencing, Tsurkan (who is a lawyer in the Ukraine) said, "As a lawyer I have always respected and obeyed the laws, and if I'm destined to die in your prisons, I'm going to, but I'm not going to admit what I haven't done, and I'm not going to."

This record evidence is enough to refute Tsurkan's "conclusory after-the-fact assertion" -- first asserted in his section 2255 motion -- that he would have accepted the proposed plea offer. See Rosin, 786 F.3d at 878-79 (concluding that the record "patently contradict[ed]" petitioner's claim that he would have accepted a plea when the evidence showed that petitioner "persistently refused to accept responsibility and adamantly professed his innocence during all stages of his

---

[5] The underlying criminal proceedings involved two full jury trials. The first trial resulted in a mistrial after the jury was unable to reach a verdict.

5

criminal proceedings."); see also Osley, 751 F.3d at 1225 (concluding that petitioner established no prejudice in part because petitioner's "insistence on his innocence, both before and after trial, makes it more difficult to accept his claim that he would have taken a fifteen-year plea deal.").

Because Tsurkan has failed to allege facts sufficient to show that he is entitled to relief, the district court abused no discretion in denying Tsurkan's ineffective-assistance-of-counsel claim without holding an evidentiary hearing.

AFFIRMED.